IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**VICTOR REESE,**

      **Petitioner,**

v.                                                Case No. 5:20-cv-00676

**D. L. YOUNG, Warden,**
**FCI Beckley,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Victor Reese ("Reese"). (ECF No. 1). Respondent has filed a response to the petition requesting that it be dismissed. (ECF No. 11). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.**    **Factual and Procedural History**

Reese is a federal prisoner currently housed at Federal Correctional Institution, Beckley ("FCI Beckley") in Beaver, West Virginia, and according to the BOP Inmate Locator tool, is projected to be released on August 27, 2022.

### A. *Proceedings in the Sentencing Court*

Reese was charged and later indicted in the Northern District of Georgia ("Sentencing Court") for violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm. *USA v. Reese*, No. 1:17-cr-00310-AT-RGV-1 (N.D. Ga. Mar. 14, 2018) ("*Reese I*"), ECF Nos. 1, 3. On December 15, 2017, Reese pled guilty to the charge and was subsequently convicted and sentenced to a term of 65 months imprisonment, to be followed by three years of supervised release. *Reese I*, ECF Nos. 27, 35. Reese did not appeal his judgment to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit").

On January 14, 2020, Reese, by counsel, filed a motion to vacate the judgment pursuant to 28 U.S.C. § 2255. *Reese I*, ECF No. 39. He argued that a recent case, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), rendered his indictment, guilty plea, and conviction invalid because the government did not prove that Reese was aware of his status as a felon when he possessed the firearms. *Id.* at 5–8. The Sentencing Court denied Reese's motion, holding that the error Reese complained of was "not plain error or grounds for setting aside [Reese's] plea and conviction." *Reese I*, ECF No. 51. Reese did not appeal this ruling.

### B. *Proceedings in this Court*

On October 13, 2020, Reese filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an accompanying memorandum of law. (ECF Nos. 1, 2). In his petition, Reese challenges the validity of his conviction for being a felon in possession of a firearm. (ECF No. 1 at 3). He asserts that "the indictment charging him was defective because it lacked the status-knowledge element" described in *Rehaif*. (ECF No. 2 at 3). He asks that his claim be vacated and remanded. (ECF No. 1 at 7).

On February 19, 2020, Respondent answered the Court's order to show cause why relief should not be granted. (ECF No. 11). Respondent asks the Court to dismiss Reese's claims or construe them as a § 2255 motion and transfer them to the Sentencing Court. (*Id.* at 1). He argues that Reese's claims must be asserted in a motion pursuant to § 2255 and are not eligible to be heard in a § 2241 petition under the "savings clause" of § 2255(e). (*Id.* at 4–6).

On February 23, 2021, the undersigned issued an order allowing Reese 60 days to file a reply to Respondent's arguments. (ECF No. 12). Reese filed no reply and the Court has received no further argument or documentation from him. Therefore, the petition is ready for resolution.

## II.  Standard of Review

Respondent requests that Reese's § 2241 petition be dismissed or transferred to Reese's court of conviction. (ECF No. 11 at 1). Respondent does not articulate under which rule's authority he seeks dismissal but presumably this request is made pursuant to Federal Rule of Civil Procedure 12(c), as Respondent filed a Response concurrently with his motion to dismiss. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). When deciding a motion for judgment on the pleadings under Rule 12(c), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a

3

federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted); *also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that the court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."). In addition, the court may consider "matters of public record," including documents from prior or pending court proceeding when resolving the motion, without converting it into a motion for summary judgment. *Walker*, 589 F.3d at 139.

### III. Discussion

Reese argues that his conviction for possession of a firearm should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court considered whether under 18 U.S.C. § 922(g), which prohibits certain individuals from possessing firearms and ammunition, the government must prove that an individual knew both (1) that he engaged in the prohibited conduct of possessing a firearm, and (2) that he had obtained the relevant status which made his possession of the firearm illegal. *See* 139 S. Ct. 2191, at 2194. In contravention to this Circuit's prior precedent, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995), the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the

4

contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d at 333 (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, in the context of a challenge to the validity of a conviction, the savings clause creates a narrow opening for a petitioner to file a § 2241 petition when his claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *In re Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Reese claims that his conviction should be set aside because the United States failed to prove an essential element of the charge against him—namely,

that he knew of his status as a felon. (ECF No. 2 at 2–3). Consequently, his claim must be brought under 28 U.S.C. § 2255, unless he can show that the savings clause applies to his petition. Satisfaction of the savings clause requirements is jurisdictional, and if the provision does not apply, this Court has no authority to hear the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018).

Looking at the three prongs of *In re Jones,* the undersigned **FINDS** that Reese satisfies the first and third prongs of the test, but simply cannot meet the second prong, which requires him to show that "the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34. When evaluating a habeas petition under the savings clause, the court applies the substantive law of the circuit in which the petitioner was convicted, and the procedural law of the circuit in which the petitioner is incarcerated. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). As Reese was convicted in Georgia and is housed in West Virginia, the substantive law of the Eleventh Circuit and the procedural law of the Fourth Circuit will be used.

With respect to the first prong of *In re Jones,* at the time Reese was convicted, settled law of the Eleventh Circuit established the legality of his conviction. *United States v. Deleveaux*, 205 F.3d 1292, 1296–97 (11th Cir. 2000) ("To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce."). As to the third prong, Reese does not satisfy the gatekeeping provisions of § 2255 because the rule announced in *Rehaif* is not one of constitutional law. *See, e.g., In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (rejecting a movant's application for a second or successive §

2255 motion because "[h]is claim relies solely on *Rehaif*, which did not announce a "new rule of constitutional law[]").

To meet the second prong of *In re Jones*, however, Reese must establish three elements: (1) that *Rehaif* announced a new rule of substantive law; (2) that the change of law occurred after his appeal and first § 2255 motion; and (3) that the conduct of which he was convicted is now deemed not to be criminal. Reese cannot establish these elements because the Supreme Court's decision in *Rehaif* did not decriminalize the underlying conduct for which Reese was charged and convicted. In *In re Jones*, after the defendant had already filed one § 2255 motion, the Supreme Court decided a different case which held that Jones's conduct—mere possession of a firearm—did not constitute criminal "use" of a firearm in the statutory context. *In re Jones*, 226 F.3d at 334. Therefore, Jones's conduct was innocent. By contrast, the *Rehaif* Court looked solely at the elements necessary to prove the offense of possession of a firearm by a prohibited person, concluding that the United States had to prove four elements, including that the defendant knew he was a member of a class of individuals statutorily prohibited from possessing firearms. Notably, the Court did ***not*** hold that possession of a firearm by a felon was no longer criminal.

Reese has not identified, and the undersigned has not located, any decision from the Supreme Court or the Eleventh Circuit holding that the possession of a firearm by a felon is not criminal. Moreover, several courts within this circuit that have addressed the second prong of *In re Jones* in cases involving petitioners sentenced in other circuits have held that *Rehaif* did not fundamentally alter the criminal nature of the conduct for which Reese was convicted. *See, e.g.*, *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted

remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) (same), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) (holding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (collecting cases).

Since Reese filed his § 2241 petition in October 2020, both the Eleventh Circuit and the Supreme Court have addressed the impact of the *Rehaif* decision on cases like this one where the defendant was convicted of being a felon in possession of a firearm without proof that he knew he was a felon. *See Greer v. United States*, 141 S. Ct. 2090 (2021); *United States v. Coats*, 8 F.4th 1228, 1237–38 (11th Cir. 2021). In these cases, the courts clarified that an error under *Rehaif* is not a structural error, but rather a "discrete defect[] in the criminal process," which does not automatically require reversal of the conviction. *See, e.g., Greer,* 141 S. Ct. at 2099-100. To the contrary, to succeed on an appellate claim under *Rehaif,* the defendant must show more than just a plain error; that being, that the Government failed to prove the defendant's knowledge of his felon status. In addition to plain error, the defendant must also make an adequate showing that he would have presented evidence in the district court to establish that he did not know he was a felon, and that the *Rehaif* error affected his "substantial rights"—in other words, that there was a reasonable probability that the outcome of the district court proceeding would have been different if not for the *Rehaif* error. If the defendant satisfies these three elements, the appellate court may grant relief only if it concludes "that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'"

*Greer,* 141 S. Ct. at 2093; *Coats,* 8 F.4th at 1240.

These courts also noted that when a defendant has been convicted of a crime punishable by a sentence in excess of one year, evidence of such convictions is all but determinative of the knowledge-of-status element. *Coats,* 8 F.4th at 1238; *Greer,* 141 S. Ct. at 2097-97 (holding that a history of multiple felony convictions is substantial evidence that the defendant knew he was a felon). Furthermore "if a defendant was in fact a felon, it [would] be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Greer*, 141 S. Ct. at 2097; *United States v. Lawson, 861 F. App'x 337, 341 (11th Cir. 2021)* ("Defendant has not even asserted that he would have gone to trial but for the *Rehaif* error, much less identified evidence upon which he could have relied to suggest that he did not know he was a felon when he possessed the gun."). In the indictment, the government alleged that Reese was previously convicted of multiple qualifying felonies, a fact which he confirmed during his plea hearing. *Reese I*, ECF Nos. 3, 37 at 9–10. Consequently, had Reese been in a position to raise the *Rehaif* error on appeal, it is unlikely that his challenge would have been successful. Indeed, when he brought the issue before the Sentencing Court in his § 2255 motion, the court followed Eleventh Circuit precedent to determine that the failure to include the element in the indictment did not constitute plain error or grounds for setting aside Reese's conviction. (ECF No. 11-3 at 1).

While these decisions do not directly address the criteria of *In re Jones,* they are offered to show that the possession of a firearm by a felon continues to be criminal conduct under federal law. To make an additional point, the cases establish that the burden placed on a defendant raising a *Rehaif* challenge is heavy. Accordingly, the

undersigned **FINDS** that the savings clause of § 2255 does not provide Reese with a remedy under § 2241.[1]

Given that Reese's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Here, Reese cannot meet the gatekeeping provisions of § 2255 because he cannot demonstrate a new rule of constitutional law. What's more, his claim would likely be entirely precluded because the Sentencing Court has already ruled on the *Rehaif* issue in Reese's first § 2255 motion and found against him. That judgment was never appealed and is now final. Therefore, the undersigned **FINDS** that the interest of justice would not be served by construing the petition as a motion under § 2255 and transferring it to the Sentencing Court or the Eleventh Circuit. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

## IV.   Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Reese's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 11), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

---

[1] Reese also cannot satisfy the criterion of the second *Jones* prong that the change in law post-date his first Section 2255 motion, as he raised the *Rehaif* decision in his motion to vacate.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** November 30, 2021

Cheryl A. Eifert
United States Magistrate Judge